Keith M. Ameele (SBN 221927)
kameele@foleymansfield.com
Shaun Swiger, Esq. (SBN 232878)
sswiger@foleymansfield.com
M. Amadea Groseclose, Esq. (SBN 267091)
mgroseclose@foleymansfield.com
**FOLEY & MANSFIELD PLLP**
300 S. Grand Ave. Ste. 2800
Los Angeles, CA 90071
Telephone: (213) 283-2100
Facsimile: (213) 283-2101

**Attorneys for Defendants**
**ALLIANCE SECURITY, INC.,**
**AH SECURITY, INC., JASJIT GOTRA,**
**LEON SHACKLEFORD, JAKE MURRAY,**
**BRIAN FABIONA, RYAN JAY NEWCOMER,**
**MONITRONICS SECURITY LP, and**
**MONITRONICS INTERNATIONAL, INC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. COLLINS,<br><br><br>Plaintiffs,<br><br>vs.<br><br><br>ALLIANCE SECURITY, INC., AH SECURITY, INC., JASJIT GOTRA, LEON SHACKLEFORD, JAKE MURRAY, BRIAN FABIONA, RYAN JAY NEWCOMER, MONITRONICS SECURITY LP, and MONITRONICS INTERNATIONAL, INC. and DOES 1 through 30,<br><br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL COURT ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** |

1

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants ALLIANCE SECURITY, INC., AH SECURITY, INC., JASJIT  GOTRA, LEON SHACKLEFORD, JAKE MURRAY, BRIAN FABIONA, RYAN JAY NEWCOMER, MONITRONICS SECURITY LP, and MONITRONICS INTERNATIONAL, INC. hereby give notice of removal of the above entitled action from the Super Court of the State of California for the County of Riverside, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a).

## PRELIMINARY MATTERS

1.     On or about November 17, 2015, Plaintiff HAROLD A. COLLINS, filed a Complaint in this action, bearing Case No. MCC1401589, against Defendants ALLIANCE SECURITY, INC., AH SECURITY, INC., JASJIT  GOTRA, LEON SHACKLEFORD, JAKE MURRAY, BRIAN FABIONA, RYAN JAY NEWCOMER, MONITRONICS SECURITY LP, and MONITRONICS INTERNATIONAL, INC. (hereinafter collectively "Defendants") in the Superior Court of the State of California for the County of Riverside.  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2.     Defendants are residents of the State of Delaware and the State of Texas. *See*, **Exhibit A** at ¶¶ 3-7.

3.     The Complaint is based on alleged unsolicited telephone calls made by Defendants to Plaintiff.   Although Paragraph 2 of the Complaint provides that Plaintiff "does not intent to pursue … relief or remedies that may be available to him under the federal "Telephone Consumer Protection Act" ("TCPA"), the Fifth Cause of Action specifically alleges, and seeks damages for,  "willful and knowing violations of the TCPA." *See*, **Exhibit A** at ¶¶ 2 and 33.

4.     The Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227 and 47 C.F.R. §64.1200 , collectively the "TCPA.") provides that "It shall be unlawful for any

person … (B) to make any call … using any automatic telephone dialing system or an artificial or prerecorded voice – (b) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without prior express consent of the called party ….."    Plaintiff alleges Defendants contacted his residential telephone line using a prerecorded voice for the purposes of solicitation without prior consent. See, **Exhibit A** at ¶¶ 14.

5.    Thus, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331.   A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally.  28 U.S.C. § 1441(a).

6.    This court has concurrent jurisdiction over private suits airing under the TCPA.  *See, Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 747-753 (2012) (The TCPA's permissive grant of jurisdiction to state courts does not deprive the U.S. district courts of federal-question jurisdiction over private TCPA suits.) abrogating *Murphy v. Lanier*, 204 F.3d 911, 915 (2000).

7.    Defendants have not appeared in the State Court Action.

8.    Defendants are not aware of any other actions having taken place in the State Court Action.

9.    Removal is timely pursuant to 28 U.S.C. § 1446(b) as Notice of Removal has been filed within thirty (30) days after receipt by Alliance Security, Inc., which was served with the Summons and Complaint on December 5, 2015.  Service was deemed effectuated on December 5, 2014, ten-days after Plaintiff served the summons and Complaint via certified mail on November 25, 2015.  See, California Code of Civil Procedure § 415.40 ("A summons may be served on a person outside of this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class, postage prepaid, requiring a return receipt on the 10[th] day after such mailing.").  Attached as **Exhibit B** is a Copy of the Correspondence re Service mailed on November 25, 2014.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    For these reasons, DEFENDANTS remove the above-entitled action now pending
2 in the Superior Court for the County of Riverside, Case No. MCC1401589 to the United
3 States District Court for the Central District of California.

4

5

6 DATED: December 30, 2014          **FOLEY & MANSFIELD, PLLP**

7

8                              By: _____
9                                  Keith Ameele
                                   Shaun Swiger
10                                 M. Amadea Groseclose
11                                 Attorneys for Defendant, **ALLIANCE**
                                   **SECURITY, INC., AH SECURITY, INC.,**
12                                 **JASJIT GOTRA, LEON SHACKLEFORD,**
                                   **JAKE MURRAY, BRIAN FABIONA, RYAN**
13                                 **JAY NEWCOMER, MONITRONICS**
14                                 **SECURITY LP, and MONITRONICS**
                                   **INTERNATIONAL, INC.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

Nov 17 14 03:10p        H Collins Attorney at Law                    19513040531              p.5

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Alliance Security, Inc., AH Security, Inc., Jasjit Gotra, Leon
Shackelford,   - Additional Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Harold L. Collins

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
Superior Court Of California
County Of Riverside
11/17/2014
P.Thiphavong
BY FAX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California | *(Número del Caso):* |
| County of Riverside | **MCC1401589** |

30755-D Auld Road, Murrieta, CA  92563

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Harold L. Collins, 42890 Avenida Perris, Murrieta, CA  92562 Tel: (951) 237-1560

| DATE: *(Fecha)* | 11/17/14 | Clerk, by *(Secretario)* | P.Thiphavong | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AH SECURITY, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

JASJIT GOTRA AND AH SECURITY

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ⌊ HAROLD L. COLLINS vs. ALLIANCE SECURITY, INC., et al. | MCC1401589 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

JAKE MURRAY, BRIAN FABIANO, RYAN JAY NEWCOMER, MONITRONICS SECURITY LP,
MONITRONICS INTERNATIONAL, INC., and DOES 1 through 30

Page  2  of  2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**CIV-050**

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>HAROLD L. COLLINS, SBN: 68181<br>Attorney at Law<br>42890 Avenida Perris<br>Murrieta, CA  92562<br>ATTORNEY FOR *(name):*  Plaintiff In Pro Per     TELEPHONE NO.:<br>**(951) 237-1560** | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Murrieta, CA  92563
BRANCH NAME: Southwest Justice Center

PLAINTIFF: Harold L. Collins
DEFENDANT: Alliance Security, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>MCC1401589 |
|---|---|

To *(name of one defendant only):* Alliance Security, Inc,
Plaintiff *(name of one plaintiff only):* Harold L. Collins
seeks damages in the above-entitled action, as follows:

**1. General damages**                       **AMOUNT**

a. ☑ Pain, suffering, and inconvenience ............................................................ $ 25,000

b. ☑ Emotional distress. ............................................................ $ 25,000

c. ☐ Loss of consortium ............................................................ $ _____

d. ☐ Loss of society and companionship *(wrongful death actions only)* ............ $ _____

e. ☑ Other *(specify)*   statutory damages pursuant to Penal Code, Section 637.2 ... $ 15,000

f. ☐ Other *(specify)* _____ $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☐ Medical expenses *(to date)* ............................................................ $ _____

b. ☐ Future medical expenses *(present value)* ............................................ $ _____

c. ☐ Loss of earnings *(to date)* ............................................................ $ _____

d. ☐ Loss of future earning capacity *(present value)* ................................... $ _____

e. ☐ Property damage ............................................................ $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* ................................... $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* ............ $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____

i. ☐ Other *(specify)* _____ $ _____

j. ☐ Other *(specify)* _____ $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $   10,000
    when pursuing a judgment in the suit filed against you.

Date:  November 20, 2014

Harold L. Collins
_____
(TYPE OR PRINT NAME)
                            ▶ _____
                                (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

*(Proof of service on reverse)*                        Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]
**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**
Code of Civil Procedure, §§ 425.11, 425.115<br>www.courtinfo.ca.gov

**CIV-050**

| PLAINTIFF: HAROLD L. COLLINS | CASE NUMBER: |
|---|---|
| DEFENDANT: ALLIANCE SECURITY, INC., ET AL | MCC1401589 |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☑ Statement of Damages ☑ Other *(specify):* SEE ATTACHED LIST OF ADDITIONAL DOCUMENTS
   b. on *(name):* JASJIT GOTRA, CORPORATE OFFICER, ALLIANCE SECURITY, INC.
   c. by serving ☑ defendant ☑ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☑ by mailing
      (1) date:
      (2) place: 60 JEFFERSON PARK ROAD, WARWICK, RI 02888

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☑ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.
3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
         (SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
         (SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| COLLINS V ALLIANCE SECURITY, INC., ET AL | MCC1401589 |

**ATTACHMENT** *(Number):* A

*(This Attachment may be used with any Judicial Council form.)*

Additional Documents Served:

SUMMONS; COMPLAINT FOR DAMAGES; NOTICE OF DEPARTMENT ASSIGNMENT;
CERTIFICATE OF COUNSEL; AND ADR INFORMATION PACKET

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| HAROLD L. COLLINS, SBN: 68181 <br> Attorney at Law <br> 42890 Avenida Perris <br> Murrieta, CA  92562 <br> ATTORNEY FOR (name):  Plaintiff In Pro Per | (951) 237-1560 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
STREET ADDRESS: 30755-D Auld Road
MAILING ADDRESS: Same
CITY AND ZIP CODE: Murrieta, CA  92563
BRANCH NAME: Southwest Justice Center

PLAINTIFF:  Harold L. Collins
DEFENDANT:  Alliance Security, Inc., et al.

| STATEMENT OF DAMAGES <br> (Personal Injury or Wrongful Death) | CASE NUMBER: <br> MCC1401589 |
|---|---|

To (name of one defendant only): Jasjit Gotra
Plaintiff (name of one plaintiff only): Harold L. Collins
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. [✓] Pain, suffering, and inconvenience ...................................................................... $ 25,000

b. [✓] Emotional distress. ............................................................................................. $ 25,000

c. [ ] Loss of consortium ............................................................................................ $ _____

d. [ ] Loss of sociey and companionship (wrongful death actions only) ....................... $ _____

e. [✓] Other (specify)  statutory damages pursuant to Penal Code, Section 637.2 ....... $ 15,000

f. [ ] Other (specify) ................................................................................................. $ _____

g. [ ] Continued on Attachment 1.g.

**2. Special damages**

a. [ ] Medical expenses (to date) ................................................................................ $ _____

b. [ ] Future medical expenses (present value) ........................................................... $ _____

c. [ ] Loss of earnings (to date) .................................................................................. $ _____

d. [ ] Loss of future earning capacity (present value) .................................................. $ _____

e. [ ] Property damage ............................................................................................... $ _____

f. [ ] Funeral expenses (wrongful death actions only) ................................................ $ _____

g. [ ] Future contributions (present value) (wrongful death actions only) ..................... $ _____

h. [ ] Value of personal service, advice, or training (wrongful death actions only) ....... $ _____

i. [ ] Other (specify) ................................................................................................. $ _____

j. [ ] Other (specify) ................................................................................................. $ _____

k. [ ] Continued on Attachment 2.k.

3. [✓] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify).. $  10,000
when pursuing a judgment in the suit filed against you.

Date: November 20, 2014

Harold L. Collins
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES** <br> **(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115 <br> www.courtinfo.ca.gov

CIV-050

| PLAINTIFF: HAROLD L. COLLINS | CASE NUMBER: |
|---|---|
| DEFENDANT: ALLIANCE SECURITY, INC., ET AL | MCC1401589 |

**PROOF OF SERVICE**
*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☑ Statement of Damages ☑ Other *(specify):* SEE ATTACHED LIST OF ADDITIONAL DOCUMENTS
   b. on *(name):* JASJIT GOTRA AND AH SECURITY
   c. by serving ☑ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) date:
      (2) time:
      (3) address:
   e. ☑ by mailing
      (1) date:
      (2) place: 60 JEFFERSON PARK ROAD, WARWICK, RI 02888

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☑ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

► _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

1 **HAROLD L. COLLINS**, SBN 68161
Attorney at Law
2 42890 Avenida Perris
Murrieta, CA 92562
3 Tel: (951) 237-1560
hcollinslaw@aol.com
4

5 Plaintiff In Propria Persona

6

7

**FILED**

Superior Court Of California
County Of Riverside
11/17/2014
**P.Thiphavong**
**BY FAX**

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF RIVERSIDE

10

11 HAROLD L. COLLINS,                          )   CASE NO.____MCC1401589____
                                              )
12                          Plaintiff,        )   COMPLAINT FOR DAMAGES &
                                              )   PERMANENT INJUNCTION
13              vs.                            )
                                              )   1. Violation of CLRA
14 ALLIANCE SECURITY, INC., AH SECURITY,      )   2. Eavesdropping
   INC., JASJIT GOTRA, LEON SHACKELFORD,      )   3. Unfair Competition
15 JAKE MURRAY, BRIAN FABIANO, RYAN JAY       )   4. Invasion of Privacy
   NEWCOMER, MONITRONICS SECURITY LP,         )   5. Private Nuisance
16 MONITRONICS INTERNATIONAL, INC., and       )
   DOES 1 through 30,                         )   UNLIMITED CIVIL CASE
17                                            )
                             Defendants.      )
18 _____)

19        Plaintiff, Harold L. Collins, alleges as follows:

20                          **GENERAL ALLEGATIONS**

21        1.      Plaintiff Harold L. Collins, ("Plaintiff") is, and was at all times herein mentioned, a

22 competent adult residing in the City of Murrieta, County of Riverside, State of California.

23        2.      Plaintiff intends by this complaint to assert claims based entirely on the laws of the State

24 of California and does not intend to allege or assert any claim arising under the Constitution, laws, or

25 treaties of the United States (within the meaning of 28 U.S.C. § 1331), and, specifically, Plaintiff elects

26 not to pursue herein any claims, relief or remedies that may be available to him under the federal

27 "Telephone Consumer Protection Act" ("TCPA").

28        3.      Plaintiff is informed and believes and thereon alleges that Defendant Alliance Security,

                                              1

1   Inc., ("Alliance") is, and was all times herein mentioned, a Delaware corporation, with its principal place

2   of business located at 60 Jefferson Park Road, Warwick, Rhode Island, and authorized and licensed to

3   do business in the State of California, as an alarm company operator.

4         4.       Plaintiff is informed and believes and thereon alleges that Defendant AH Security, Inc.,

5   ("AH") is, and was all times herein mentioned, a Delaware corporation, with its principal place of

6   business located at 60 Jefferson Park Road, Warwick, Rhode Island, and the wholly-owned subsidiary

7   of Alliance and authorized and licensed to do business in the State of California, as an alarm company

8   operator.

9         5.       Plaintiff is informed and believes and thereon alleges that Defendants Jasjit Gotra

10  ("Gotra"), Leon Shackelford ("Shackelford"), Jake Murray ("Murray") , Brian Fabiano ("Fabiano") and,

11  Ryan Jay Newcomer ("Newcomer") are each competent adults and the corporate officers and/or

12  managing agents of Defendants Alliance and AH.

13        6.       Plaintiff is informed and believes and thereon alleges that Defendant Monitronics Security

14  LP, ("Monitronics LP") is, and was all times herein mentioned, a Delaware limited partnership, with its

15  principal place of business located at 2350 Valley View Lane, Suite 100, Dallas, TX, and authorized and

16  licensed to do business in the State of California, as an alarm company operator.

17        7.       Plaintiff is informed and believes and thereon alleges that Defendant Monitronics

18  International, Inc., ("Monitronics Inc.") is, and was all times herein mentioned, a Texas corporation, with

19  its principal place of business located at 2350 Valley View Lane, Suite 100, Dallas, TX, and authorized

20  and licensed to do business in the State of California, as an alarm company operator.

21        8.       Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

22  Does 1 through 30, and, therefore, sues said Defendants by such fictitious names and will amend his

23  complaint herein to show their true names and capacities when the same have been ascertained.  Plaintiff

24  is informed and believes and thereon alleges that each fictitiously named Defendant is in some way

25  directly, proximately and legally responsible for the damages suffered by Plaintiff as hereinafter alleged.

26        9.       Plaintiff is informed and believes and thereon alleges that each Defendant was the agent,

27  servant or employee of the other Defendants and at all times herein mentioned was acting within the

28  course, scope and purpose of such agency, service or employment, with the knowledge, authorization,

2

1   permission, consent or ratification of the other Defendants.

2         10.    Plaintiff is informed and believes and thereon alleges that Defendants Gotra, Murray,

3   Fabiano and Does 1 - 5, inclusive, are the owners of Alliance and AH and as such have so influenced,

4   governed and controlled said corporations that there exists such a unity of interest and ownership that

5   the individuality, or separateness, of said individuals and the corporations has ceased.  Based on

6   Defendants' actions, an adherence to the fiction of the separate existence of the corporate entities would,

7   under the particular circumstances, sanction a fraud or promote injustice, and equity compels the

8   corporate fictions be disregarded and that Gotra, Murray, Fabiano and Does 1 - 5 be held individually

9   and personally responsible for the debts, obligations and liabilities of Alliance and AH.

10        11.    This Court is the proper court for the filing of this action because the actions, harm and/or

11   injuries, as herein alleged, occurred in this judicial district.

12                    **FIRST CAUSE OF ACTION**

13            (Violation of Consumers Legal Remedies Act as to All Defendants)

14        12.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 11, above.

15        13.    The California Consumers Legal Remedies Act ("CLRA"), commencing with § 1750 of

16   the Civil Code is intended to protect and benefit the public welfare, and the corporate officers and

17   managers of AH, Alliance and Monitronics having control over and the ability to ensure compliance with

18   the CLRA are personally liable to Plaintiff for the violations hereinafter alleged, pursuant to *United*

19   *States v. Park* (1975) 421 U.S. 658; *People v. Wilmshurst* (1999) 68 Cal.App.4th 1332; *People v. Toomey*

20   (1984) 157 Cal.App.3d 1; and *People v. Conway* (1974) 42 Cal.App.3d 875.

21        14.    On or about August 6, 2014, Defendants violated the provisions of Civil Code §

22   1770(a)(22)(A) of the California Consumers Legal Remedies Act ("CLRA") by disseminating or causing

23   to be disseminated two unsolicited prerecorded messages by telephone (the "Telephone Calls") to

24   Plaintiff's residence in Murrieta, California, without an unrecorded, natural voice first informing the

25   person answering the telephone of the name of the caller or the organization being represented, and either

26   the address or the telephone number of the caller, and without obtaining the consent of that person to

27   listen to the prerecorded message.

28        15.    Plaintiff is informed and believes and thereon alleges that the Telephone Calls were made

1  from or on behalf of Alliance's offices in Dallas, TX, where Defendants Shackelford and Murray serve

2  as managers and/or directors, for the purpose of selling Plaintiff goods and/or services in the form of a

3  home alarm system and alarm monitoring services provided by Monitronics LP and/or Monitronics Inc.,

4  (collectively "Monitronics"). Plaintiff does not have and has never had an established relationship with

5  the Defendants, the message disseminated was not for the purpose of collecting an existing obligation,

6  and the Telephone Calls were not generated at the request of the Plaintiff.

7       16.    Plaintiff is informed and believes and thereon alleges that Defendants further violated the

8  provisions of Civil Code, § 1770(a)(1) through (5) of the CLRA in that following the pre-recorded

9  message in the second Telephone Call their authorized and duly appointed employee, agent and

10  representative, who identified himself only as "Nathan," represented that Alliance was the "installation

11  division of Monitronics," which is nationally recognized in the security industry for providing alarm

12  monitoring services, and that Alliance has a physical presence or operation in California, where it is

13  licensed and bonded. Plaintiff is informed and believes and thereon alleges that said representations are

14  false and were false at the time they were made in that while there is a business relationship between

15  Alliance and Monitronics, Alliance is not a "division" of the latter, and Alliance does not have a physical

16  location or operation in California.

17       17.    As a direct and proximate result of the actions, conduct and omissions of the Defendants,

18  and each of them, Plaintiff has suffered damage, loss or injury.

19       18.    Pursuant to the provisions of the CLRA, Plaintiff is entitled to an injunction against the

20  Defendants and those under their control or acting in concert with them to enjoin further violations of

21  the CLRA. Plaintiff reserves his right under § 1782(d) of the Civil Code to give notice to Defendants,

22  pursuant to § 1782(a), and thereafter amend his complaint without leave of court to include a request for

23  actual and punitive damages, but in an amount that would not result in a total monetary award that

24  exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C.,

25  § 1332(a).

26                     **SECOND CAUSE OF ACTION**

27                  (Eavesdropping as to All Defendants)

28       19.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 17, above.

4

20.     The California Privacy Act ("Privacy Act"), commencing with § 630 of the Penal Code is intended to protect and benefit the public welfare, and the corporate officers and managers of AH, Alliance and Monitronics having control over and the ability to ensure compliance with the Privacy Act are personally liable to Plaintiff for the violations hereinafter alleged, pursuant to *United States v. Park* (1975) 421 U.S. 658; *People v. Wilmshurst* (1999) 68 Cal.App.4th 1332; *People v. Toomey* (1984) 157 Cal.App.3d 1; and *People v. Conway* (1974) 42 Cal.App.3d 875.

21.     Without prior notice or warning to Plaintiff and without his consent and permission, Plaintiff is informed and believes and thereon alleges that Defendants feloniously recorded or caused Nathan to record, on their behalf and for their benefit, his conversation with Plaintiff, which he believed to be a "confidential communication" within the meaning of Penal Code, Section 632.

22.     Without prior notice or warning to Plaintiff and without his consent and permission, Plaintiff is informed and believes and thereon alleges that Defendants caused an employee of Alliance, who identified herself only as "Stephanie," to call Plaintiff's residence on or about August 6, 2014, within 30 minutes of Plaintiff's conversation with Nathan and to record, on their behalf and for their benefit, her conversation with Plaintiff, which he believed to be a "confidential communication" within the meaning of Penal Code, Section 632.

23.     Each recorded conversation with Plaintiff was a separate violation of Penal Code, § 632, thereby entitling Plaintiff to statutory damages per violation, whether or not he has suffered, or been threatened with, actual damages, pursuant to Penal Code, § 637.2, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a), as well as an injunction to prevent future violations of the Privacy Act.

### THIRD CAUSE OF ACTION.

(Violation of California UCL as to All Defendants)

24.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 17, 20, 21 and 22 above.

25.     Plaintiff is informed and believes and thereon alleges that in order for Alliance and/or AH to transact business in the State of California, as an alarm company, AH must be issued a license by the

5

1  California Bureau of Security and Investigative Services ("BSIS") and was issued such a license, No.

2  ACO7257.  Plaintiff is further informed and believes and thereon alleges that in order to obtain said

3  license AH was required to have in its employment a Qualified Licensed Manager to provide oversight

4  and supervision with regard to AH's business operations and transactions as an alarm company.  Plaintiff

5  is further informed and believes and thereon alleges that Alliance and/or AH paid, and continue to pay,

6  Newcomer, a licensed alarm company operator and qualified manager, for the mere use of his license

7  and to purportedly serve as the Licensed Qualified Manager for AH, although he actually performs and

8  is not permitted to perform any functions as such.  Plaintiff is informed and believes and thereon alleges

9  that Newcomer resides and works in Utah and serves in appearance only as a Licensed Qualified

10  Manager for AH and other alarm companies in California for the purpose of misleading the BSIS that

11  he is actually performing or going to perform the function of a Licensed Qualified Manager and thereby

12  enable AH and other alarm companies to obtain licenses from the BSIS that would not otherwise be

13  issued, as in the case of AH, who by virtue of this fraudulent, misleading and unlawful conduct is now

14  able to transact business in California as an alarm company for the benefit of itself and its co-Defendants.

15       26.     Plaintiff is informed and believes and thereon alleges that the actions, conduct and

16  omissions of the Defendants, and each of them, constitute unfair and unlawful business practices and

17  acts, within the meaning of California's Unfair Competition Law, commencing with Business and

18  Professions Code, § 17200, thereby entitling Plaintiff to an injunction, pursuant to § 17203, to prevent

19  the continuance and future occurrence of such practices and acts.

20                              **FOURTH CAUSE OF ACTION**

21                         (Invasion of Privacy as to All Defendants)

22       27.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 17, 20, 21

23  and 22 above.

24       28.     Plaintiff possesses a legally protected right to privacy and freedom from unwarranted

25  intrusion at his home from unwanted, unwelcomed and unauthorized telephone solicitations or telephone

26  calls from telemarketers and unlawful recording of his telephone conversations with telemarketers.  The

27  CLRA and Privacy Act were enacted for the purpose and with the intention of protecting persons, such

28  as Plaintiff, from such invasion and intrusion.

29.     Plaintiff's expectation of privacy and freedom from unwarranted intrusion at his home from unwanted, unwelcomed and unauthorized telephone solicitations or telephone calls from telemarketers and the unlawful recording of his telephone conversations with telemarketers is reasonable in that Plaintiff has made reason and diligent efforts to prevent and avoid such calls.

30.     The actions of the Defendants are serious in both their nature and scope in that since August 9, 2012, Plaintiff has received numerous telephone solicitations in violation of the CLRA and Privacy Act, including those calls from or on behalf of the Defendants. Many such calls constitute multiple violations.

31.     These telephone solicitations interfere with Plaintiff's quiet enjoyment of his home in all respects and disrupt eating meals, sleeping, recreation, socializing and relaxation. Such calls interfere with Plaintiff's use of his Home Phone and from his receiving telephone calls from others. Plaintiff also works from home and such calls also interfere with his normal business activities and practices.

32.     As a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, Plaintiff has suffered general damages for his emotional upset, distress, inconvenience and loss of enjoyment, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

33.     The actions of the Defendants, as aforesaid, were willful and knowing violations of the TCPA and were malicious and oppressive within the meaning of Civil Code, Section 3294, thereby entitling Plaintiff to the award of exemplary and punitive damages, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

### SIXTH CAUSE OF ACTION

(Private Nuisance as to All Defendants)

34.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 17, 20, 21 and 22 above.

35.     The actions and conduct of the Defendants constitute a private nuisance affecting Plaintiff, within the meaning of Civil Code, §§ 3479 and 3481.

36.     As a direct and proximate result of the actions, conduct and omissions of the Defendants,

7

1   Plaintiff has suffered general damages for his emotional upset, distress, inconvenience and loss of

2   enjoyment for which he is entitled, pursuant to Code of Civil Procedure, § 731, to damages, which

3   Plaintiff limits to an amount that would not result in a total monetary award that exceeds $75,000,

4   exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a), and an

5   injunction to prevent the continuance and future occurrence of the actions and conduct giving rise to said

6   nuisance.

7       37.    The actions of the Defendants were willful and knowing violations of the TCPA and were

8   malicious and oppressive within the meaning of Civil Code, § 3294, thereby entitling Plaintiff to the

9   award of exemplary and punitive damages, but in an amount that would not result in a total monetary

10  award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in

11  28 U.S.C., § 1332(a).

12      **WHEREFORE**, Plaintiff prays judgment against the Defendants, and each of them, as follows:

13      1.    <u>ON THE FIRST CAUSE OF ACTION</u>:

14      A.    For a permanent injunction against each of the Defendants enjoining and restraining them

15  from engaging in further violations of the CLRA and specifically Civil Code, § 1770 thereof and

16  directing and mandating that Defendants perform certain actions and conduct, as determined by

17  the Court to be reasonable and necessary to prevent further violations of the CLRA.

18      2.    <u>ON THE SECOND CAUSE OF ACTION</u>:

19      A.    For statutory damages prescribed by Penal Code, Section 637.2 for each of the three

20  violations, but in an amount that would not result in a total monetary award that exceeds $75,000,

21  exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

22      B.    For a permanent injunction against each of the Defendants enjoining and restraining them

23  from recording telephone solicitations, unless they provide a clear and unambiguous warning,

24  in a form approved by the Court, to consumers or other persons receiving or responding to a

25  telephone solicitation informing them that such call is being recorded;

26      C.    For a permanent injunction against each of the Defendants enjoining and restraining them

27  from disclosing the contents of any audio recordings of their conversations with Plaintiff and

28  directing them to destroy all originals, copies, versions and transcripts of said recordings.

3.      ON THE THIRD CAUSE OF ACTION:

A.      For a permanent injunction as prayed for on the First and Second Causes of Action.

4.      ON THE FOURTH CAUSE OF ACTION:

A.      For actual damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);;

B.      For punitive damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

5.      ON THE FIFTH CAUSE OF ACTION:

A.      For actual damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a);

B.      For punitive damages in a sum according to proof, but in an amount that would not result in a total monetary award that exceeds $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a); and

C.      For a permanent injunction as prayed for on the First and Second Causes of Action.

6.      ON ALL CAUSES OF ACTION:

A.      Plaintiff waives all sums in excess of $75,000, exclusive of interest and costs, or the jurisdictional threshold set forth in 28 U.S.C., § 1332(a).

B.      For costs of suit herein incurred; and

C.      For such other and further relief as the court may deem just and proper.

Date:   _11/10/14_                         By: _____

                                          HAROLD L. COLLINS,
                                          Plaintiff

Complaint for Damages & Permanent Injunction

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☒ | MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ | PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | HEMET 880 N. Slate St., Hemet, CA 92543 | ☐ | RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ | MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ | TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address): <br> HAROLD L. COLLINS, SBN 68161 <br> Attorney at Law <br> 42890 Avenida Perris <br> Murrieta, CA 92562 <br> TELEPHONE NO: 951-237-1560    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): hcollinslaw@aol.com <br> ATTORNEY FOR (Name): Plaintiff In Pro Per | FOR COURT USE ONLY <br><br> **FILED** <br> Superior Court Of California <br> County Of Riverside <br> 11/17/2014 <br> **P.Thiphavong** <br> **BY FAX** |
|---|---|
| PLAINTIFF/PETITIONER: HAROLD L. COLLINS | |
| DEFENDANT/RESPONDENT: ALLIANCE SECURITY, INC., et al. | CASE NUMBER: **MCC1401589** |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:        92562 _____

☐   The action concerns real property located in the zip code of:      _____

☐   The Defendant resides in the zip code of:      _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  November 10, 2014 _____


HAROLD L. COLLINS _____                    ► _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Approved for Mandatory Use <br> Riverside Superior Court <br> RI-030 [Rev. 06/15/13] | **CERTIFICATE OF COUNSEL** | Local Rule 1.0015 <br> riverside.courts.ca.gov/localforms/localforms.shtml |



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

## Advantages of ADR:
- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**  In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Arbitration may be appropriate when the parties:
- ✍ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ✍ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✍ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS
ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

## BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - ✍ Your preferences for mediation or arbitration.
   - ✍ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.
                              (Local Rule 3218)

## RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- ✍ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- ✍ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                              FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **Banning** - 135 N. Alessandro Road, Banning, CA 92220
☐ **Hemet** - 880 N. State Street, Hemet, CA 92543
☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201
☐ **Riverside** - 4050 Main Street, Riverside, CA 92501
☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation                    ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation                    ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____.

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY       SIGNATURE OF PARTY OR ATTORNEY       DATE
☐ Plaintiff  ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY       SIGNATURE OF PARTY OR ATTORNEY       DATE
☐ Plaintiff  ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY       SIGNATURE OF PARTY OR ATTORNEY       DATE
☐ Plaintiff  ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY       SIGNATURE OF PARTY OR ATTORNEY       DATE
☐ Plaintiff  ☐ Defendant

☐ Additional signature(s) attached

Page 3 of 3

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
30755-D Auld Road
Murrieta, CA  92563
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

COLLINS VS ALLIANCE SECURITY INC

CASE NO. MCC1401589

This case is assigned to the Honorable Judge Raquel A Marquez in Department S303 for all purposes.

The Case Management Conference is scheduled for 05/18/15 at 8:30 in
Department S303.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who
are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than
five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I
am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence.  Such correspondence is deposited
in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served
a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 11/17/14

by: _____

,PATTY THIPHAVONG Deputy Clerk

CDACMC
1/28/14

# EXHIBIT "B"

# HAROLD L. COLLINS

Attorney at Law
42890 Avenida Perris
Murrieta, CA  92562

E-mail: hcollinslaw@aol.com

Tel: (951) 237-1560

November 25, 2014

**CERTIFIED MAIL, R/R/R**

AH Security, Inc.
60 Jefferson Park Road
Warwick, RI  02888

Attn:   Jasjit Gotra, President

**Re:      Harold L. Collins v.  Alliance Security, Inc., AH Security, Inc., et al.**

Dear Mr. Gotra:

Enclosed is a copy of the summons and complaint and related filings in the above-referenced civil action commenced in the Superior Court of California for the County of Riverside.  You are deemed served, both as an individual and on behalf of AH Security.

This letter and the enclosed complaint, the allegations of which are incorporated herein, are intended to serve as notice pursuant to Civil Code, Section 1782(a) of (1) your and AH Security's violations of Civil Code, Section 1770 and (2) my demand that you and AH Security correct or otherwise rectify the services and practices alleged in the complaint to be in violation of Section 1770.

You and AH have 30 days from the date of receipt of this letter to comply with this demand herein, otherwise the complaint may be amended, as a matter of law, to include a claim for damages for the violations of Section 1770.  While compliance with the demand herein may moot a claim for damages for violation of Section 1770, it will not moot the remainder of the claims set forth in the complaint.

Please refer this matter immediately to your attorneys.

Very truly yours,

HAROLD L. COLLINS

HLC/m

Enclosures

# CERTIFICATE OF SERVICE

[CCP, 1010.6, 1011, 1013, 1013a, 2015.5; CRC rule 2.260, 2.306 - Revised 07/01/2011]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Ave., Suite 2800, Los Angeles, California 90071

On **December 30, 2014**, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL COURT ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

| |
|---|
| HAROLD L. COLLINS, SBN:68181 |
| ATTORNEY AT LAW |
| 42890 Avenida Perris |
| Murrieta, Ca 92562 |
| Telephone (951)237-1560 |
| **(IN PRO PER)** |

☒  ***(BY MAIL)***  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices.  I am ready familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  ***(BY COURT'S CM/ECF SYSTEM)*** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF systems, which sent notification of that filing to the persona listed above.

☒  **[FEDERAL]** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 30, 2014**, Los Angeles, California.

_____
Diana Larenas

1

**NOTICE OF REMOVAL OF CIVIL COURT ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**